UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW J CAPANIS,<br>Petitioner,<br>v.<br>KENT CLARK,<br>Respondent. | Case No. 19-cv-04562-SI<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br>Re: Dkt. Nos. 1, 8, 9 |

Matthew J. Capanis filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. His several miscellaneous requests also are before the court for consideration.

**BACKGROUND**

The petition provides this information: Following a jury trial in 2017 in Contra Costa County Superior Court, Capanis was convicted of first degree murder and active participation in a criminal street gang, and sentence enhancement allegations were found true. On May 26, 2017, he was sentenced to life in prison without the possibility of parole.

Capanis appealed. The California Court of Appeal affirmed the judgment of conviction in 2018, and the California Supreme Court denied the petition for review in 2019.

He then filed this action.

**DISCUSSION**

A. <u>Review of Petition</u>

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

In ordinary civil proceedings, the governing rule, Rule 8 of the Federal Rules of Civil Procedure, requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 2(c) of the Rules Governing Habeas Corpus cases requires a more detailed statement. The habeas rule instructs the petitioner to "specify all the grounds for relief available to [him or her]" and to "state the facts supporting each ground." Rule 2(c), Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491-92 (9th Cir. 1990) (habeas petitioner must state his claims with sufficient specificity); *Wacht v. Cardwell*, 604 F.2d 1245, 1246-47 (9th Cir. 1979) (same). A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the state should be ordered to show cause why the writ should not be granted. *Mayle v. Felix*, 545 U.S. 644, 655-56 (2005) (citing 28 U.S.C. § 2253). Conclusory allegations in a habeas petition fail to state a claim and do not suffice to shift the burden to the state to answer an order to show cause. *See Allard v. Nelson*, 423 F.2d 1216, 1217 (9th Cir. 1970).

Capanis' petition lists three clams: (1) he did not receive a fair trial because the judge (a) told him he could not claim self-defense if he did not testify, (b) would not allow two defense witnesses to testify, and (c) told the jury during closing arguments that "'there is no self defense in this case!,'" Docket No. 1 at 5; (2) he was "not sup[p]osed to have special circumstance," *id.*; and

2

1  (3) the prosecutor "wrongfully admitted" irrelevant evidence about Capanis' four prior weapons-related and violent offenses, as well as irrelevant expert opinion evidence, *id*.

The petition fails to state a claim for federal habeas relief. There are two main problems. First, none of the claims identify a right under the federal constitution (or the laws or treaties of the United States) that was violated. A "federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (citations omitted). Federal habeas relief is not available for a state law error. *Id.* In his amended petition, Capanis must identify the federal right violated for each claim.

Second, the petition does not adequately allege the facts in support of each claim. There are virtually no facts alleged in support of the claims. Without an adequate description of the facts in support of a claim, the court cannot determine that the state should be ordered to show cause why the writ should not be granted. *See Mayle*, 545 U.S. at 655-56. In his amended petition, Capanis must allege the facts that show the alleged violations of his rights under the Constitution or laws or treaties of the United States.

Although it is not necessary to do so, petitioner might consider filing as an exhibit to his amended petition a copy of his appellant's opening brief for the direct appeal in the California Court of Appeal or his petition for review in the California Supreme Court. He reports that the claims alleged in the federal petition were presented in the direct appeal, so it might be easier to simply attach a state court brief as an exhibit, and this court will read it to determine whether a claim is stated for federal habeas relief..

B.  Requests From Petitioner

Capanis has requested that counsel be appointed to represent him in this action. A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Appointment is mandatory only

3

when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See id.* The interests of justice do not require appointment of counsel in this action. Capanis indicates that his claims already were presented on his direct appeal, where he was represented by counsel. *See* Docket No. 1 at 3. The request for appointment of counsel is DENIED. Docket No. 9.

Capanis has filed a request for an extension of the deadline to file his *in forma pauperis* application. The request is DENIED as unnecessary. Docket No. 8. Capanis paid the filing fee, so it is not necessary for him to also file an *in forma pauperis* application at this time (although he would need to file such an application if the court was otherwise inclined to appoint counsel because appointment of counsel requires indigency).

**CONCLUSION**

For the foregoing reasons, the petition is dismissed with leave to amend. Petitioner must file an amended petition curing the several deficiencies discussed in this order no later than **December 27, 2019.** The document should be clearly marked on the first page as an "Amended Petition" and should have the case number clearly written on the first page. Petitioner is cautioned that his amended petition must be a complete statement of his claims, except that he does not need to allege any claim that has been dismissed without leave to amend. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). Any claim not included in the amended petition will be deemed abandoned. Failure to file the amended petition will result in the dismissal of this action.

Petitioner's request for an extension of the deadline to file an *in forma pauperis* application is DENIED as unnecessary. Docket No. 8.

Petitioner's request for appointment of counsel is DENIED. Docket No. 9.

**IT IS SO ORDERED**.

Dated: November 8, 2019

SUSAN ILLSTON
United States District Judge