UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW J CAPANIS,<br>　　　　Petitioner,<br>　　v.<br>KENT CLARK,<br>　　　　Respondent. | Case No. 19-cv-04562-SI<br><br>**ORDER TO SHOW CAUSE**<br>Re: Dkt. No. 11 |

Matthew J. Capanis filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge a 2017 conviction. The court dismissed the original petition with leave to amend to cure several pleading deficiencies. Capanis' amended petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**BACKGROUND**

The amended petition provides the following information: Following a jury trial in 2017 in Contra Costa County Superior Court, Capanis was convicted of first degree murder with a special circumstance and possession of a firearm by a felon. Sentence enhancement allegations for two prior prison terms were found true. On May 26, 2017, he was sentenced to life in prison without the possibility of parole.

Capanis appealed. The California Court of Appeal affirmed the judgment of conviction in 2018, and the California Supreme Court denied the petition for review in 2019.

He then filed this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

The amended petition for writ of habeas corpus presents the following claims: First, Capanis contends that the life-without-parole sentence for a first-degree murder with a special circumstance (a) violated his right to due process because there was insufficient evidence of active participation in a criminal street gang to support the special circumstance sentence under California Penal Code § 190.2(A)(22) and (b) violated his Eighth Amendment right to be free of cruel and unusual punishment. Second, Capanis alleges that he was denied his Sixth Amendment right to present a defense when the trial court excluded certain helpful evidence, rejected jury instructions on self-defense, and interrupted defense counsel's closing argument to tell the jury that there was no self-defense in the case. Third, Capanis contends that the admission of evidence of his prior criminal conduct violated his right to due process. Fourth, Capanis contends that the denial of his request for a jury instruction that the jury could consider evidence of his good character violated his Sixth and Fourteenth Amendment rights to present a defense and to due process. *See* Docket No. 11-1 at 38-41. Fifth, he contends that the admission of witness Navarro's testimony about a rumor Navarro heard violated Capanis' right to due process. Liberally construed, these claims are cognizable in a habeas action, except for the Eighth Amendment claim.

The imposition of a life-without-parole sentence did not violate Capanis' Eighth Amendment right to be free of cruel and unusual punishment. Capanis received his life-without-parole sentence for a crime in which he and another adult shot at and killed the victim. *People v.*

2

*Capanis*, 2019 WL 1397341 (Cal. Ct. App. opinion filed March 28, 2019).[1] The Eighth Amendment's "Cruel and Unusual Punishments Clause prohibits the imposition of inherently barbaric punishments under all circumstances." *Graham v. Florida*, 560 U.S. 48, 59 (2010). "For the most part, however, the [Supreme] Court's precedents consider punishments challenged not as inherently barbaric but as disproportionate to the crime." *Id.* The Eighth Amendment contains a "narrow" proportionality principle – one that "does not require strict proportionality between crime and sentence," and forbids only "extreme sentences that are 'grossly disproportionate' to the crime." *Id.* at 59-60. Only in that rare case where a comparison of the gravity of the offense and the severity of the sentence leads to an inference of gross disproportionality does the court compare a petitioner's sentence with sentences for other offenders in the jurisdiction, and for the same crime in other jurisdictions, to determine whether it is cruel and unusual punishment. *Id.* at 60.

A sentence of life in prison, with or without the possibility of parole, for a murder does not lead to an inference of gross disproportionality and therefore does not amount to cruel and unusual punishment forbidden by the Eighth Amendment. *See United States v. LaFleur*, 971 F.2d 200, 211 (9th Cir. 1991) ("Under *Harmelin [v. Michigan*, 501 U.S. 957 (1991)], it is clear that a mandatory life sentence for murder does not constitute cruel and unusual punishment"); *cf. Solem v. Helm*, 463 U.S. 277, 290 n.15 (1983) (discussing earlier case in which it had found the death penalty to be excessive for felony murder in the circumstances of a particular case; "clearly no sentence of imprisonment would be disproportionate" for the felony murder of an elderly couple). Lengthy sentences for crimes less serious than murder also have been upheld by the Supreme Court and Ninth Circuit. *See e.g., Ewing v. California*, 538 U.S. 11, 29-31 (2003) (upholding sentence of 25-years-to-life for recidivist convicted most recently of grand theft); *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003) (upholding sentence of two consecutive terms of 25-years-to-life for recidivist convicted most recently of two counts of petty theft with a prior conviction); *Harmelin*, 501 U.S. at 996 (upholding sentence of life without possibility of parole for first offense of possession of 672 grams

---

[1] According to the CDCR's inmate locator website, Capanis is now 34 years old, which means that he would have been about 27 years old at the time of the killing in 2012. As a result, the Eighth Amendment cases requiring different treatment of juvenile offenders do not apply to him.

3

of cocaine); *Norris v. Morgan*, 622 F.3d 1276, 1292-96 (9th Cir. 2010) (concluding that sentence of life without possibility of parole for conviction of first degree child molestation of 5-year-old girl, where touching was brief and over clothing, was not grossly disproportionate). Here, even if Capanis must spend the rest of his life in prison as a result of his conviction, his continued imprisonment would not run afoul of the Eighth Amendment. Life imprisonment for first degree murder committed by an adult is not so disproportionate to the crime that it could be said to amount to cruel and unusual punishment under the Eighth Amendment of the U.S. Constitution. The Eighth Amendment claim is dismissed.

**CONCLUSION**

For the foregoing reasons,

1. The amended petition states cognizable claims for habeas relief and warrants a response. The Eighth Amendment claim is dismissed.

2. The clerk shall serve a copy of this order, the amended petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **February 21, 2020**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **March 20, 2020**.

5. Petitioner is responsible for prosecuting this case. Petitioner must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.

6. Petitioner is cautioned that he must include the case name and case number for this case on the first page of any document he submits to this court for consideration in this case.

**IT IS SO ORDERED**.

Dated: December 19, 2019

_____
SUSAN ILLSTON
United States District Judge